(17 App. Div. 336.)

FERGUSON v. ANN ARBOR R. CO. et al.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

1. CREDITORS' SUIT—PARTIES.
   A creditors' suit cannot be maintained unless the debtor is a party thereto.
2. SAME—REORGANIZATION OF DEBTOR CORPORATION.
   A creditors' suit cannot be maintained against a corporation formed pursuant to a plan of the bondholders to reorganize the debtor corporation by selling its property under the mortgage, buying it in for the reorganization committee, the creation of a new corporation (defendant), and the transfer of the property to it, though the stockholders of the old corporation were permitted to obtain shares of the stock of the new corporation at less than par value.

Appeal from special term, New York county.

Action by John Ferguson against the Ann Arbor Railroad Company and others. A demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, was sustained, and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

Charles Le Barbier, for appellant.

Franklin B. Lord and Robert D. Murray, for respondents.

WILLIAMS, J. The action seems to have been brought as a judgment creditors' action in behalf of plaintiff and all other creditors, etc. The plaintiff alleged a judgment, and execution issued thereon, and returned unsatisfied, the judgment debtor being a corporation known as the Toledo, Ann Arbor & North Michigan Railroad Company. It was not alleged whether this corporation was domestic or foreign, except that it was stated that its last-known residence was within this state. The judgment debtor was not made a party to this action. The plaintiff sought by this action to reach a certain fund or amount of money, which he alleged belonged to the judgment debtor, and was subject to the claims of its judgment creditors. The facts alleged were as follows: After plaintiff brought his action to recover his judgment upon which this action was based, a receiver was appointed in the state of Ohio of the property of the judgment debtor corporation. Shortly after this receiver was appointed, a committee was organized for the purpose of protecting the interests of the bondholders of the judgment debtor corporation, and its various divisions pursuant to a plan of reorganization, such committee being known as the "Bondholders' Reorganization Committee of the Toledo, Ann Arbor & North Michigan Railroad Company"; and the persons constituting this committee were made parties to the action. The plan of this committee, which was promulgated, adopted, and carried out, was to have a new corporation organized under the laws of the state of Michigan, known as the "Ann Arbor Railroad Company," to have a sale of all the property of the old corporation under the mortgages to secure the bonds, and to have the property bid in for the committee, and transferred to the new corporation; that the new corporation should issue $7,-000,000 of 4 per cent. bonds, of which $5,962,200 should go to the

bondholders of the old corporation, and $1,037,800 should be used to provide the means of purchasing the Frankfort & S. E. Division, making requisite expenditures, and paying the expenses of reorganization, the interest charges being reduced from $428,495 to $280,000 per annum. And in order to partly compensate the bondholders of the old corporation for their sacrifice of interest and the surrender of new first mortgage bonds, to provide for the rehabilitation of the property, and to compensate the consolidated mortgage bondholders for the surrender of their lien, the new corporation was to issue preferred stock to the amount of $4,000,000, entitled to all surplus earnings up to 5 per cent. per annum, of which $3,544,400 were to be issued to the bondholders, and $455,600 to be sold, and the proceeds applied to improvements, and the new corporation to issue common stock for $3,250,000, being one-half the amount of the stock of the old corporation, to be offered to the stockholders of the old corporation, at $10 per share of $100 each, par value; holders of two shares of the stock of the old company to be entitled to take one share of the new stock, and the sum realized from this disposition of the stock to be expended in improvements of the new company. It was alleged that this plan of the committee was carried out, and the new corporation was organized; the property of the old corporation was sold on foreclosure of the mortgages, was bid in by a member of the committee, and was transferred to the new corporation for $2,627,000; that the bonds and stock were issued by the new corporation, and were disposed of pursuant to the plan of the committee;- and that this new common stock was offered and 15,150 shares of it were taken by the stockholders of the old company; and that the new corporation received therefor $151,500. The new corporation was made a party to this action, and the plaintiff sought to reach and apply this $151,500 to the payment of its judgment. This was the only property sought to be reached in the action.

We are unable to see any theory upon which the plaintiff, as a judgment creditor of the old corporation, is entitled to maintain this action, or to have this fund applied to the payment of his judgment. First, the judgment debtor is not a party to the action, and is in no way represented in the action; second, the bondholders had a legal right to protect their interests when the old corporation seemed to be in failing circumstances, and was put in the hands of a receiver. In order to protect themselves, they formed this plan for a reorganization. It is not claimed there was anything illegal in the plan in any way, except that it permitted the stockholders of the old corporation to buy the common stock of the new corporation, at $10 per share, of the par value of $100. It does not appear what the amount of the old bonds was. The new corporation paid for all the property $2,-627,000, and this went in reduction of the amount of the bonds, whatever it was. After this sale, the title of the old corporation to the mortgaged property was gone, and neither it nor its creditors had any claim on that property. It was represented by the purchase price. If there was a surplus of that after paying incumbrances, the plaintiff might claim his proportion of that surplus; but he had no rights in the mortgaged property itself which had been sold. Then

the new corporation issued $7,000,000 of new bonds, and $4,000,000 of preferred stock, and $3,250,000 of common stock. How much this common stock was worth, in view of the $11,000,000 of bonds and stock which was ahead of it, does not appear. The old stockholders were permitted to purchase the common stock at $10 per share, and, for all that appears, that was all the stock was worth. If so, then this part of the plan was no more objectionable than any other part of it. The most that can be claimed is that the stockholders of the old corporation were enabled to get shares of stock in the new corporation·at less than their real·value. Suppose they were; the stock belonged to the new corporation, and not to the old one, and could be sold at whatever·price·the new corporation saw fit to ask for it. And if it is claimed that the old corporation had in any way any equitable interest in this stock sold by the new corporation, and that the stockholders in the old corporation had not paid enough for the stock, their remedy would have been to follow the stock into the hands of such stockholders. They would have no right to·take from the new corporation what little it did realize from a sale of the stock.

The stockholders of the old corporation are not parties to the action, and therefore no relief can be had against them here. We do. not see that the fund in question in any way represents any assets of the old corporation which the creditors of that corporation can reach in payment of its debts. It will be remembered that there is no allegation that the old corporation or its directors or stockholders were· parties to the plan for reorganization. The bondholders alone formed the plan, and carried it out; and the stockholders had nothing to do with the matter except that they were permitted to, and did, purchase some of the common stock of the new corporation, at $10 on the $100· of its par value. The new corporation, so far as appears, had a right to offer and sell this stock at the rate it did, and, so far as it appears, it realized all the stock was worth. There is no basis in the complaint for claiming any right to the fund arising from the sale of this. stock.

Our conclusion is that the demurrer was properly sustained, and· that the judgment appealed from should be affirmed, with costs, and with leave to the plaintiff to amend, on payment of costs in this court and· in the court below.

VAN BRUNT, P. J., and RUMSEY and PARKER, JJ., concur.. PATTERSON, J., concurs in result.